DONALD A. GREEN (225171)
DOAN LAW FIRM, LLP
ATTORNEYS AT LAW
2850 PIO PICO DR., SUITE D
CARLSBAD, CA 92008
(760) 450-3333 ♦ FACSIMILE (760) 450-6082

Attorney for Plaintiff, GUADALUPE IGNACIO

FILED
08 JAN 15 AM 10:00
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GUADALUPE IGNACIO, an individual,

　　　　Plaintiff,

　　v.

CORRECTONS CORPORATION OF AMERICA, a Maryland Corporation, and DOES 1-50, inclusive,

　　　　Defendants.

Case No.: 08 CV 0085 BEN JMA

COMPLAINT FOR:

1. **NEGLIGENCE**
2. **PREMISES LIABILITY**
3. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
4. **CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1985)**

**DEMAND FOR JURY TRIAL**

　　Plaintiff GUADALUPE IGNACIO alleges as follows:

I.

**JURISDICTION**

　　1. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1332, 1337, 1343(a), and 1367(a); AND 42 U.S.C. §§.1983, 1985(3), 1986, and 1988.

　　2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

/ / /

/ / /

/ / /

## II.

## VENUE

3. A substantial portion of the events giving rise to the claims alleged in this complaint arose in San Diego County, California. Therefore, venue is proper under 28 U.S.C. § 1391(b)(2).

## III.

## INTRODUCTION

4. This is a claim for damages brought under state and federal law against the CORRECTIONS CORPORATION OF AMERICA, a foreign corporation registered as such by and trough the California Secretary of State, its officials, and employees for common, state, and federal law violations.

5. State law claims alleged in this action are for negligence and premises liability. Plaintiff generally alleges that defendant negligently owned, operated, entrusted, supervised, cared for, and inspected their premises so as to cause Plaintiff, GUADLUPE IGNACIO, to fall from a top bunk bed, thereby causing injury and damage to Plaintiff.

6. Federal law claims alleged in this action are for a violation of civil rights as guaranteed and protected by 42 U.S.C. § 1983, and for conspiracy to deprive plaintiff of her civil rights under 42 U.S.C. § 1985. Plaintiff alleges that prison officials of Defendants and each of them violated her eighth amendment rights to be free of cruel and unusual punishment by Defendants' deliberate indifference to her serious medical needs and their treatment of her while in their custody. Plaintiff prays for damages and injunctive relief.

## IV.

## PARTIES

7. Plaintiff GUADALUPE IGNACIO (hereinafter referred to as "IGNACIO" or "PLAINTIFF") is a natural person who was residing in the County of San Diego at SAN DIEGO CORRECTIONAL FACILITY, owned, operated and maintained by CORRECTIONS CORPORATION OF AMERICA (hereinafter referred to as "CCA") during all relevant times herein. Plaintiff was also a resident of California during all relevant times of this action.

COMPLAINT

8. Plaintiff alleges that Defendant CCA is a for profit, private corporation incorporated and existing in the State of Maryland and maintaining a principal place of business at 10 Burton Hills Blvd., Nashville, Tennessee 37215 in San Diego, California. The SAN DIEGO CORRECTIONAL FACILITY is located in the County of San Diego, California.

9. The SAN DIEGO CORRECTIONAL FACILITY is where the injuries to plaintiff, as hereinafter alleged, occurred.

10. Defendants DOES 1 through 50, inclusive, are sued under fictitious names. Their true names and capacities are unknown to PLAINTIFF. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and on that basis alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such defendants.

11. PLAINTIFF is informed and believes and on that basis alleges that each named defendant, including DOES 1 through 50, was the agent, servant, employee, or partner of each other defendant, and that each defendant was acting within the course and scope of such agency, employment, partnership, or other business relationship and with the consent or the ratification of each other in doing the things alleged herein.

V.

## GENERAL ALLEGATIONS

12. PLAINTIFF is a 49 year old woman who was born in the Philippines. She has, and has had for the last 18 years a valid green card. She has four children in the United States.

13. On or about December 12, 2006, Plaintiff was transferred to defendant CCA facility, SAN DIEGO CORRECTIONAL FACILITY ("SDCF") from LAS COLINAS DETENTION FACILITY in Santee, County of San Diego, California.

14. Before Plaintiff was transferred to SDCF, she had fallen off a top bunk while at Las Colinas twice. Las Colinas personnel documented the accidents and transferred the medical needs slips with her to the facility at SDCF. At intake into SDCF, Plaintiff further informed the SDCF staff that she had been cleared by Las Colinas, and had a need for, a lower bunk assignment. Despite

1  her medical need, Plaintiff was assigned to and required to sleep in a top bunk in a cell with three
2  inmates.

3  15. On or around December 18, 2006, Plaintiff began to feel sick. Se became dizzy and
4  started to cough violently. This condition persisted over the next month. Plaintiff was given
5  medication that she believes was Benadryl as a cough suppressant. This medication along with other
6  medication that was prescribed made Plaintiff dizzy, casing her to suffer from severe vertigo.
7  Plaintiff complained of this state and her fear of sleeping on a top bunk given her history and this
8  medication, but CCA staff ignored her ad ordered her to continue sleeping on the tope bunk.

9  16. Plaintiff alleges that the tope bunk she was required to sleep had no ladder, no side rail,
10 offered no protection from falling off or accidents, and that she was required to step on a desk to get
11 to the top bunk jus to sleep. This movement had to be reversed whenever she'd need to get down
12 from the bunk.

13 17. On January 18, 2007, Plaintiff was attempting to get down from her bed, but got dizzy
14 due to the Benadryl and/or other medication that had been prescribed to her, and that she had been
15 forced to ingest. Having nothing to grab onto to protect herself, she tumbled to the floor, hitting her
16 mouth on the des on the way down.

17 18. Plaintiff suffered injuries consisting of, but not limited to, broken and lost teeth, fractured
18 nose, and damage to her shoulder, back and neck

19 19. Plaintiff IGNACIO alleges that at the time of her incarceration, prior to her fall, and after
20 her fall, Plaintiff CCA personnel and staff, including DOES 1-50, knew of her medical needs, her
21 need for a lower bunk, the medication that she was on, the absence of railings, ladders, or protection
22 for the upper bunk, ad Plaintiff's prior history of falling off the top bunk.

23 20. After the accident, CCA staff further abused Plaintiff in the following ways:
24     a. Ordering her to remove a neck brace that doctors at University of California Medical
25 Center, San Diego required her to wear for her injuries (instead she had to make a make-shift brace
26 consisting of a pillow case wrapped around a towel);
27     b. Refusing to allow her to see the dentist or oral surgeon for the damage to her front
28 teeth and disfiguring effect of the fall;

      c. Accusing her of making up the story about her fall and spreading rumors that she had fallen off the bed because she had been masturbating;

      d. Maliciously denying Plaintiff food, needed for nutritional purposes as well as to assist Plaintiff in taking her antibiotics, despite doctor's orders to the contrary;

      e. Placing her in segregation for seven (7) days in the aftermath of her accident for filing a complaint with the facility, insisting on her right to food and nutrition, and asserting her right to medical treatment.

21. Over the course of plaintiff's incarceration at CCA, Plaintiff complained vociferously and incessantly about the pain and suffering she was enduring. CCA and DOES 1-50 further failed to provide or arrange to provide proper medical or dental care or treatment for Plaintiff's injuries.

      a. Plaintiff is informed and believes that CCA and DOES 1-50 intentionally, willfully, wantonly, maliciously and/or with deliberate indifference to plaintiff's serious medical needs denied Plaintiff access to medical care on numerous occasions from January 18, 2006 through the time of her release from SDCF.

22. Plaintiff alleges that Defendant CCA has knowledge of the dangerous condition of their premises, were negligent in maintaining them in a reasonable safe manner, and had, and for all relevant times herein, had an established habit, pattern, practice, custom and policy of negligence, creating, maintaining, authorizing and ratifying the creation and existence of dangerous conditions, neglect, and violating prisoner's civil rights.

## VI.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

### (as against all Defendants)

23. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 22, inclusive.

24. Plaintiff alleges that on March 15, defendant CORRECTIONS CORPOATION OF AMERICA, and Does 1-50, each and all of them, so negligently owned, operated, entrusted,

supervised, cared for,, inspected and maintained their premises so as to cause Plaintiff to fall from a top bunk, thereby causing injury and damage to Plaintiff.

25. As a proximate result of the negligent acts and omissions of Defendant, and each of them, Plaintiff was seriously injured in her health, strength, and activity, and has sustained and continues to sustain injury to her body including, but not limited to, disfigurement of her moth and teeth, pain and suffering, loss of sleep, loss of enjoyment of daily activities, loss of range of motion, humiliation, grief, and anxiety.

26. As a proximate result of the negligent acts and omissions of Defendants, and each of them, Plaintiff has incurred and continues to incur medical expenses, out of pocket expenses, impaired future earning capacity and other damages, including, but not limited to, costs and interest payments related to costs incurred as a result of the accident in an amount according to proof.

## VII.

## SECOND CAUSE OF ACTION

## PREMISES LIABILITY

### (as against all Defendants)

27. Plaintiff refers to and incorporates herein by reference as through fully set forth below its allegations contained in paragraphs 1 to 26, inclusive.

28. Plaintiff alleges that the condition of the bunk bed created a dangerous condition of which defendant CCA was aware and had knowledge. Plaintiff further alleges that defendant CCA had actual and constructive notice of the condition of the beds, the dangerous condition they imposed, but failed to correct, remedy, or provide an otherwise safe environment for inmates of SDCF, including Plaintiff.

29. Plaintiff alleges that she was under the control and supervision of defendant CCA, that they had a duty to provide a safe environment, and that they breached that duty leading to Plaintiff's injuries.

30. As a proximate result of dangerous conditions on CCA premises, Plaintiff was seriously injured in her health, strength, and activity, and has sustained and continues to sustain injury to her

body including, but not limited to, disfigurement of her moth and teeth, pain and suffering, loss of sleep, loss of enjoyment of daily activities, loss of range of motion, humiliation, grief, and anxiety.

31. As a proximate result of the negligent acts and omissions of Defendants, and each of them, Plaintiff has incurred and continues to incur medical expenses, out of pocket expenses, impaired future earning capacity and other damages, including, but not limited to, costs and interest payments related to costs incurred as a result of the accident in an amount according to proof.

## VIII.

## THIRD CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS

## (42 U.S.C. § 1983)

### (as against all Defendants)

32. PLAINTIFF refers to and incorporates herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 31, inclusive.

33. PLAINTIFF is informed and believes and on that basis alleges that CCA had an established habit, practice and custom of depriving inmates of necessary medical care for all relevant times herein.

34. PLAINTIFF is further informed and believes and on that basis alleges that for all relevant times herein CCA had a policy of inaction towards inmates, including PLAINTIFF, as herein described, and such inaction amounted to a failure to protect their and PLAINTIFF's constitutional rights. *Oviatt v. Pearce* (9th Cir. 1992) 954 F.2d 1470, 1474.

35. PLAINTIFF is informed and believes, and thereon alleges, that CCA and DOES 1-50 were responsible for her care while at SAN DIEGO CORRECTIONAL FACILITY during all relevant times mentioned herein. PLAINTIFF is further informed and believes, and, on that basis alleges, that DOES 1 through 50 were officers, directors, managing agents, partners, and/or employees of Defendant CCA and were acting in a corporate or employment capacity during all relevant times mentioned herein.

36. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS were acting in their official capacities as officers, directors, agents, partners, and/or employees of CCA, en

entity with a contract for providing correctional facilities and services with U.S. Immigration and Customs Enforcement, part of the U.S. Department of Homeland Security. PLAINTIFF further alleges that as such, DEFENDANTS were acting under color of law and in violation of PLAINTIFF's Constitutional rights.

37. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS had a "special relationship" with PLAINTIFF that required them to protect her life, liberty, and property.

38. PLAINTIFF alleges that DEFENDANTS violated her civil rights by:

   a. Violating her Eighth Amendment rights to be free of cruel and unusual punishment through their deliberate indifference to her serious medical needs as heretofore alleged;

   b. Violating her rights of equal protection and privileges and immunities as guaranteed by the Fourteenth Amendment as heretofore alleged; and

   c. Violating her rights to due process of law as heretofore alleged.

39. PLAINTIFF alleges that DEFENDANTS, each and all of them, were acting under color of state law for all relevant times mentioned herein.

40. PLAINTIFF further alleges that DEFENDANTS, each and all of them, conspired against her to deprive her of her constitutional rights, as heretofore alleged, and that her constitutional right to be free of cruel and unusual punishment was in fact violated. *Thompson v. City of Lawrence* (10th Cir. 1995) 58 F.3d 1511, 1517.

41. PLAINTIFF further alleges that the conduct of DEFENDANTS denied her equal protection of the laws as protected by the Fourteenth Amendment of the U.S. Constitution because the acts of defendants were racially motivated and based on the fact that Plaintiff is female and of Filipino descent.

42. PLAINTIFF has suffered harm resulting from DEFENDANTS' conduct to the following extents:

   a. Plaintiff has been caused to incur doctor, drug and other medical expenses and may be reasonably expected to incur additional such expenses in the future;

b. Plaintiff has been caused to suffer physical pain and suffering, mental anguish and anxiety, humiliation and embarrassment, and discomfort, and she will continue to endure the same in the future;

c. Plaintiff has been caused to suffer a permanent and debilitating disfigurement; and

d. Plaintiff has been caused to suffer partial impairment and has been caused to lose wages and income as a result of her injuries.

## IX.

## FOURTH CAUSE OF ACTION

## CONSPIRACY TO VIOLATE CIVIL RIGHTS

### (42 U.S.C. § 1985)

### (as against all Defendants)

43. PLAINTIFF refers to and incorporates herein by reference as though fully set forth below its allegations contained in paragraphs 1 to 42, inclusive.

44. PLAINTIFF is informed and believes, and thereon alleges, that some of the actions of defendants DOES 1-50 with respect to the treatment of Plaintiff were outside the scope of their employment with Defendant CCA and that, as such, they were not acting in their official capacities as agents, partners, employees or servants of CCA.

45. PLAINTIFF is informed and believes, and thereon alleges, that Defendants acting outside the course and scope of their employment with CCA conspired with one another to deprive Plaintiff of her civil rights as follows:

a. Defendants, each and all of them, conspired to prevent each other defendant from performing their official duties to diagnose, treat and provide proper medical care to Plaintiff. Plaintiff further alleges that said conspiracy was racially based on the fact that Plaintiff is female and of Filipino descent (42 USC § 1985(1)); and

b. Defendants, each and all of them, conspired to deprive Plaintiff of her constitutional rights, to wit her constitutional right to be free of cruel and unusual punishment, based on the fact that Plaintiff is female and of Filipino descent. Plaintiff alleges that said deprivations denied her equal protections and privileges and immunities under the law (42 USC § 1985(3)).

46. PLAINTIFF has suffered harm resulting from DEFENDANTS' conduct to the following extents:

   a. Plaintiff has been caused to incur doctor, drug and other medical expenses and may be reasonably expected to incur additional such expenses in the future;

   b. Plaintiff has been caused to suffer physical pain and suffering, mental anguish and anxiety, humiliation and embarrassment, and discomfort, and she will continue to endure the same in the future;

   c. Plaintiff has been caused to suffer a permanent and debilitating disfigurement; and

   d. Plaintiff has been caused to suffer partial impairment and has been caused to lose wages and income as a result of her injuries.

## X.

## PRAYER FOR

## DAMAGES AND OTHER REMEDIES

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS and relief as follows:

1. For compensatory damages, including special and general damages;
2. For an amount necessary to prevent the unjust enrichment of defendants, to the extent that such amount is not included in any actual damages awarded;
3. For interest according to law;
4. For exemplary damages
5. For attorneys' fees pursuant to 42 USC §§ 1983, 1985;
6. For costs of suit herein incurred;
7. For other and further relief as the court may deem proper.

Dated:    JANUARY 10, 2008                    DOAN LAW FIRM, LLP

                                              By: _____
                                              DONALD A. GREEN
                                              Attorney for Plaintiff, GUADALUPE IGNACIO

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GUADALUPE IGNACIO

## DEFENDANTS
CORRECTIONS CORPORATION OF AMERICA

**FILED**
08 JAN 15 AM 10: 04
CLERK U.S. DISTRICT COURT

(b) County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Davidson County, TN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DONALD A. GREEN, DOAN LAW FIRM
2850 Pio Pico Dr., Site D, Carlsbad, CA 92008

Attorneys (If Known)
**08 CV 0085 BEN JMA**
BY: PM DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Negligence, Premises Liability, Violation of Civil Rights  28 USC 1331
Brief description of cause:
Negligence and premises liability for dangerous condition in detention facility; violation of civil rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Hon. Roger T. Benitez
DOCKET NUMBER 07cv0828-BEN (BLM)

DATE: 01/10/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 146407  AMOUNT $350- 1/15/08 BH  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

     # 146407      - BH
     * * C O P Y * *
       January 15, 2008
          10:00:15


        Civ Fil Non-Pris
   USAO #.: 08CV0085 CIVIL FILING
   Judge..: ROGER T BENITEZ
   Amount.:              $350.00 CK
   Check#.: BC# 1182



     Total->   $350.00


   FROM: IGNACIO V. CORR. CORP. OF AMER
         CIVIL FILING
```