**Klinedinst PC**
David B. Monks, Bar No. 164232
501 West Broadway, Suite 600
San Diego, California 92101
Telephone:    (619) 239-8131
Facsimile:    (619) 238-8707

Attorneys for Defendant **CORRECTIONS CORPORATION OF AMERICA**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Guadalupe Ignacio, an individual, | Case No.  3:08-cv-00085-BEN-JMA |
| Plaintiff, | **DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| Corrections Corporation of America, a Maryland Corporation, and Does 1-50, inclusive,, | Judge:        Honorable Jan M. Adler |
| Defendant. | |

Defendant Corrections Corporation of America (CCA), through counsel, for its Answer to Plaintiff's Complaint, admits, denies, and alleges as follows:

1.    This answering Defendant denies each and every allegation contained in Plaintiff's Complaint.

## I.
## JURISDICTION

2.    In answering Paragraph 1 of Plaintiff's Complaint, Defendant admits only that this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331.

3.    In answering Paragraph 2 of Plaintiff's Complaint, Defendant admits only that this Court has pendent jurisdiction over the California state law claims brought by Plaintiff in conjunction with claims brought pursuant to 42 U.S.C. §1983.

**II.**
**VENUE**

4.      In answering Paragraph 3 of Plaintiff's Complaint, Defendants admit only that venue is proper in the United States District Court, Southern District of California, as the incidents giving rise to the lawsuit occurred in San Diego County, California.

**III.**
**INTRODUCTION**

5.      In answering Paragraph 4 of Plaintiff's Complaint, Defendant admits only that Corrections Corporation of America is a corporation, that CCA's headquarters are located in Nashville, Tennessee, and that it operates the San Diego County Correctional Facility (SDCF) pursuant to a detention/correctional services contract entered into as between CCA and the United States federal government.

6.      In answering Paragraph 5 of Plaintiff's Complaint, Defendant denies same.

7.      In answering Paragraph 6 of Plaintiff's Complaint, Defendant denies same.

**IV.**
**PARTIES**

8.      In answering Paragraph 7 of Plaintiff's Complaint, Defendant admits only that during the time period complained of, Plaintiff was an Immigration and Customs Enforcement detainee who was detained at Corrections Corporation of America's San Diego County Correctional Facility pursuant to a detention/correctional services contract entered into as between CCA and the United States federal government.    Defendant is without sufficient information to form a belief as to the remaining allegations set forth in Paragraph 7 and therefore, denies same.

9.      In answering Paragraph 8 of Plaintiff's Complaint, Defendant admits only that Corrections Corporation of America is incorporated in the State of Maryland, that CCA's headquarters are located in Nashville, Tennessee, and that CCA operates the San Diego County Correctional Facility located in San Diego County, California.

10.    In answering Paragraph 9 of Plaintiff's Complaint, Defendant admits only that during the time period complained of, Plaintiff was an Immigration and Customs Enforcement detainee who was detained at Corrections Corporation of America's San Diego County Correctional Facility pursuant to a detention/correctional services contract entered into as between CCA and the United States federal government.   Defendant is without sufficient information to form a belief as to the remaining allegations set forth in Paragraph 9 and therefore, denies same.

11.    In answering Paragraph 10 of Plaintiff's Complaint, this paragraph is not directed at Defendant and therefore no response is required.  To the extent Paragraph 10 contains allegations as against Defendant, Defendant denies same.

12.    In answering Paragraph 11 of Plaintiff's Complaint, Defendant admits only that CCA employees acted in the course and scope of employment in operating the San Diego County Correctional facility.  Defendant denies the remaining allegations set forth in Paragraph 11.

## V.
## GENERAL ALLEGATIONS

13.    In answering Paragraph 12 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the allegations set forth in Paragraph 12 and therefore, denies same.

14.    In answering Paragraph 13 of Plaintiff's Complaint, Defendant admits only that Plaintiff was admitted into the San Diego County Correctional Facility on December 12, 2006 and released from the facility on April 12, 2007.

15.    In answering Paragraph 14 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the allegations set forth in Paragraph 14 and therefore, denies same.

16.    In answering Paragraph 15 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the allegations set forth in Paragraph 15 and therefore, denies same.

17.    In answering Paragraph 16 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the allegations set forth in Paragraph 16 and therefore, denies same.

18.    In answering Paragraph 17 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the allegations set forth in Paragraph 17 and therefore, denies same.

19.    In answering Paragraph 18 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the allegations set forth in Paragraph 18 and therefore, denies same.

20.    In answering Paragraph 19 of Plaintiff's Complaint, Defendant denies same.

21.    In answering Paragraph 20 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the allegations set forth in Paragraph 20 and therefore, denies same.

22.    In answering Paragraph 21 of Plaintiff's Complaint, Defendant is without sufficient information to form a belief as to the allegations set forth in Paragraph 21 and therefore, denies same.

23.    In answering Paragraph 22 of Plaintiff's Complaint, Defendant denies same.

**V.**
**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(as against all Defendants)**

24.    In answering Paragraph 23 of Plaintiff's Complaint, Defendant incorporates by reference, Paragraphs 1-23, above.

25.    In answering Paragraph 24 of Plaintiff's Complaint, Defendant denies same.

26.    In answering Paragraph 25 of Plaintiff's Complaint, Defendant denies same.

27.    In answering Paragraph 26 of Plaintiff's Complaint, Defendant denies same.

## VII.
## SECOND CAUSE OF ACTION
## PREMISES LIABILITY
### (as against all Defendants)

28.    In answering Paragraph 27 of Plaintiff's Complaint, Defendant incorporates by reference, Paragraphs 1-27, above.

29.    In answering Paragraph 28 of Plaintiff's Complaint, Defendant denies same.

30.    In answering Paragraph 29 of Plaintiff's Complaint, Defendant admits only that it has a duty to act reasonably to protect detainees from known and unreasonable risks of harm. Defendant denies the remaining allegations set forth in Paragraph 29.

31.    In answering Paragraph 30 of Plaintiff's Complaint, Defendant denies same.

32.    In answering Paragraph 31 of Plaintiff's Complaint, Defendant denies same.

## VIII.
## THIRD CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. §1983)
### (as against all Defendants)

33.    In answering Paragraph 32 of Plaintiff's Complaint, Defendant incorporates by reference, Paragraphs 1-32, above.

34.    In answering Paragraph 33 of Plaintiff's Complaint, Defendant denies same. Defendant affirmatively alleges that CCA does not provide medical, dental or mental health services for detainees/inmates detained/incarcerated at SDCF. Rather, medical, dental and mental health services are provided by Department of Immigration Health Services pursuant to contract with the United States federal government.

35.    In answering Paragraph 34 of Plaintiff's Complaint, Defendant denies same. Defendant affirmatively alleges that CCA does not provide medical, dental or mental health services for detainees/inmates detained/incarcerated at SDCF. Rather, medical, dental and

1  mental health services are provided by Department of Immigration Health Services pursuant to
2  contract with the United States federal government.

3      36.    In answering Paragraph 35 of Plaintiff's Complaint, Defendant denies
4  same.  Defendant affirmatively alleges that CCA does not provide medical, dental or mental
5  health services for detainees/inmates detained/incarcerated at SDCF.  Rather, medical, dental and
6  mental health services are provided by Department of Immigration Health Services pursuant to
7  contract with the United States federal government.

8      37.    In answering Paragraph 36 of Plaintiff's Complaint, Defendant admits only
9  that CCA employees acted in the course and scope of employment in operating the San Diego
10 County Correctional facility and detaining ICE detainees pursuant to a detention/correctional
11 services contract entered into as between CCA and the United States federal government.
12 Defendant denies the remaining allegations set forth in Paragraph 36.

13     38.    In answering Paragraph 37 of Plaintiff's Complaint, Defendant admits only
14 that it has a duty to act reasonably to protect detainees from known and unreasonable risks of
15 harm.  Defendant denies the remaining allegations set forth in Paragraph 37.

16     39.    In answering Paragraph 38 of Plaintiff's Complaint, Defendant denies
17 same.

18     40.    In answering Paragraph 39 of Plaintiff's Complaint, Defendant denies
19 same.

20     41.    In answering Paragraph 40 of Plaintiff's Complaint, Defendant denies
21 same.

22     42.    In answering Paragraph 41 of Plaintiff's Complaint, Defendant denies
23 same.

24     43.    In answering Paragraph 42 of Plaintiff's Complaint, Defendant denies
25 same.

26
27
28

**IX.**
**FOURTH CAUSE OF ACTION**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS**
**(42 U.S.C. §1985)**
**(as against all Defendants)**

44.     In answering Paragraph 43 of Plaintiff's Complaint, Defendant incorporates Paragraphs 1-43, above.

45.     In answering Paragraph 44 of Plaintiff's Complaint, Paragraph 44 is not directed to Defendant and therefore no response is required.  To the extent Paragraph 44 contains allegations against Defendant, Defendant denies same.

46.     In answering Paragraph 45 of Plaintiff's Complaint, Defendant denies same.

47.     In answering Paragraph 46 of Plaintiff's Complaint, Defendant denies same.

**X.**
**PRAYER FOR**
**DAMAGES AND OTHER REMEDIES**

48.     In answering Plaintiff's "Prayer for Damages and Other Remedies", Defendant affirmatively alleges that Plaintiff fails to state claims against Defendant for which relief may be granted.

**AFFIRMATIVE DEFENSES**

49.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff's Complaint fails to state claims upon which relief can be granted.

50.     As a separate defense, and in the alternative, this answering Defendant alleges Plaintiff has failed to exhaust the administrative remedies available to her prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e, thereby precluding all claims asserted under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See* 42 U.S.C. § 1997e(a).

51.     As a separate defense, and in the alternative, Defendant alleges that CCA does not provide medical, dental or mental health services for detainees/inmates detained/incarcerated at SDCF.   Rather, medical, dental and mental health services are provided

1    by Department of Immigration Health Services pursuant to contract with the United States federal

2    government.

3           52.     As a separate defense, and in the alternative, Defendant alleges Plaintiff

4    fails to state a claim under 42 U.S.C. §1983.  Under *Correctional Servs. Corp. v. Malesko*, 122

5    S.Ct. 515, 522 n.5 (2001), a federal inmate can only sue for alleged civil rights violations under

6    *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), or state law, rather than 42

7    U.S.C. § 1983.

8           53.     As a separate defense, and in the alternative, Defendant alleges that

9    Plaintiff cannot maintain a *Bivens* action against CCA.  *See   Correctional Servs. Corp. v.*

10   *Malesko*, 122 S.Ct. 515 (2001).

11          54.     As a separate defense, and in the alternative, Defendant alleges that it was

12   acting under legal process, with good, sufficient and probable cause to be so acting, and that the

13   actions of Defendant were in good faith and without malice.

14          55.     As a separate defense, and in the alternative, Defendant alleges that the

15   actions of Defendant were objectively reasonable under the circumstances and that they were

16   acting in good faith and without malice.

17          56.     As a separate defense, and in the alternative, Defendant alleges that it is

18   entitled to qualified immunity from suit, as it was acting under close official supervision of the

19   United States of America, and was acting in good faith and without malice, all of which would

20   prevent Plaintiff from recovering from Defendant.

21          57.     As a separate defense, and in the alternative, Defendant alleges that

22   Defendant was acting in good faith at all times, without malice, and without the requisite state of

23   mind necessary for Plaintiff to prevail on a claim of deliberate indifference.

24          58.     As a separate defense, and in the alternative, Defendant alleges that the

25   actions or inactions alleged on the part of Defendant were not the proximate cause of any injuries

26   or losses to Plaintiffs.

27          59.     As a separate defense, and in the alternative, Defendant alleges that

28   Plaintiff suffered no actual or de minimis injury.

JONES, SKELTON &
HOCHULI, P.L.C.
ATTORNEYS AT LAW
PHOENIX

60.    As a separate defense, and in the alternative, ring Defendant alleges that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting dismissal of this lawsuit.

61.    As a separate defense, and in the alternative, Defendant alleges that Plaintiff has failed to set forth a grave deprivation in regard to her allegation that a constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

62.    As a separate defense, and in the alternative, Defendant alleges that Plaintiff was not subjected to gross physical abuse resulting in serious physical injury, thus entitling Defendant to dismissal.  *See Medina v. O'Neil*, 838 F.2d 800 (5th Cir. 1988); *Lynch v. Cannatella*, 810 F.2d 1363, 1372-73 (5th Cir. 1987).

63.    As a separate defense, and in the alternative, Defendant alleges that Plaintiff does not have a constitutional right to a particular security classification, cell assignment or compatible cellmate.

64.    As a separate defense, and in the alternative, Defendant alleges that triple-celling is not per se unconstitutional.  *See Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S.Ct. 2392 (1981); *North v. White*, 152 Fed. Appx. 111 (3d Cir. 2005) (finding triple-celling of 1/3 of inmate population for one month did not constitute a constitutional violation where facility was otherwise well maintained and triple-celling was necessitated by temporary influx of inmates); *Hubbard v. Taylor*, 399 F.3d 10 (3d Cir. 2005), remanded 452 F. Supp. 2d 533 (2006) (finding that two to seven months of triple-celling pretrial detainees in cells designed for one detainee, where detainees had to sleep on the floor on mattress in close proximity to toilet, did not violate detainee's rights); *Strickler v. Waters*, 989 F.2d 1375, 1382 (4th Cir. 1993); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991); *Hite v. Leeke*, 564 F.2d 670, 673-74 (4th Cir. 1977).

65.    As a separate defense, and in the alternative, Defendant alleges that it did not subjectively know of and consciously disregard a substantial risk to the safety and well-being of Plaintiff.

66.    As a separate defense, and in the alternative, Defendant alleges that Plaintiff is unable to establish that Defendant subjectively knew of and consciously disregarded

serious medical/dental/mental health conditions suffered by Plaintiff, resulting in medical/dental/mental health injury or aggravation of pre-existing medical/dental/mental health conditions.

67.     As a separate defense, and in the alternative, Defendant alleges that a mere delay in medical care, without more, is insufficient to state a constitutional violation claim against prison officials for deliberate indifference. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

68.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff may not recover damages for emotional distress for constitutional violations without a prior showing of physical injury.

69.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff is unable to establish a policy, custom or practice of systemic deficient medical/dental/mental health care so as to impose *Monell* liability upon Defendant.

70.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff is unable to establish underlying constitutional violations with respect to provision of medical/dental/mental health care, thus defeating Plaintiff's constitutional violation claims at the outset.

71.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff is unable to establish that Defendant provided medical/dental/mental health care to ICE detainees at SDCF, thus eliminating Plaintiff's ability to establish constitutionally deficient conduct by Defendant.

72.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff is unable to establish that she suffered from serious medical needs so as to trigger constitutional protection.

73.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff is unable to establish Defendant treated her differently from that of similarly situated persons because of membership in a protected class, thus warranting dismissal of Plaintiff's equal

protection claim. *See Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Dillingham v. I.N.S.*, 267 F.3d 996, 1007 (9th Cir. 2001).

74.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff is unable to establish that a government actor acted with the intent or purpose to discriminate against her based on her membership in a protected class, thus warranting dismissal of Plaintiff's equal protection claim. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

75.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff is unable to establish that Defendant treated her differently because of race or gender, thereby precluding Plaintiff's constitutional claims based upon race/gender discrimination and equal protection violations.

76.     As a separate defense, and in the alternative, Defendant alleges that conclusory allegations without factual support are insufficient to establish a claim for conspiracy of violation of civil rights. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

77.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff is unable to prove a conspiracy to violate civil rights, an act in furtherance of a conspiracy to violate civil rights, and an actual deprivation of civil rights, as are necessary to establish a claim for conspiracy under 42 U.S.C. §1985.

78.     As a separate defense, and in the alternative, Defendant alleges that Plaintiff's claims are moot.

79.     As a separate defense, and in the alternative, this answering Defendant alleges that Plaintiff is unable to establish (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to Plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring Plaintiff, and (4) advancement of the public interest (in certain cases) necessary to substantiate entitlement to injunctive relief. *See Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *see also Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003).

1    80.    As a separate defense, and in the alternative, Defendant did not act

2  unreasonably in failing to protect Plaintiff from known and unreasonable risks of harm, thereby

3  warranting dismissal of Plaintiff's claims.

4    81.    As a separate defense, and in the alternative, Defendant alleges that the

5  Plaintiff's injuries, losses and damages, if any, were the result of the negligence of someone other

6  than Defendant, thereby reducing or eliminating any damages owed by Defendant.

7    82.    As a separate defense, and in the alternative, Defendant alleges that the

8  actions or inactions alleged on the part of Defendant was not the proximate cause of any injuries,

9  losses and damages to Plaintiff.

10    83.    As a separate defense, and in the alternative, Defendant alleges that the

11  Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

12    84.    As a separate defense, and in the alternative, Defendant alleges that the

13  Plaintiff was contributorily negligent, which would diminish or eliminate Plaintiff's right to

14  recover under certain claims for relief.

15    85.    As a separate defense, and in the alternative, Defendant alleges that

16  Plaintiff's allegations arose as a result of her own negligence, not the acts or omissions of this

17  answering Defendant, thereby warranting dismissal of this lawsuit.

18    86.    As a separate defense, and in the alternative, Defendant alleges that

19  Plaintiff did not suffer any actual injury as a result of any actions by Defendant, thereby

20  warranting dismissal of this lawsuit.

21    87.    As a separate defense, or in the alternative, Defendant alleges that Plaintiff

22  failed to mitigate her damages, thereby reducing or eliminating any damages owed by Defendant.

23    88.    Although Defendant does not presently have facts in support of the

24  following defenses, Defendant wishes to assert the following defenses should subsequent

25  discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses

26  set forth in Rule 8(c), F.R.C.P. and Rule 12, including but not limited to, arbitration and award,

27  assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, res

28

1  judicata, statute of frauds, statute of limitations, waiver, insufficiency of process and insufficiency

2  of service of process.

3          WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that it be

4  dismissed and that it be awarded its reasonable attorneys' fees and costs pursuant to 42 U.S.C.

5  §1981.

6          In addition, Defendant demands a jury trial as to all triable issues.

7

8  Dated: February 21, 2008

9                                                    By:  /S/ David B. Monks

10                                                        David B. Monks
                                                         **Klinedinst PC**

11                                                       501 West Broadway, Suite 600
                                                         San Diego, California   92101-3584

12                                                       Attorneys for Defendant *Corrections

13                                                       Corporation of America*

14  Electronically filed with the U.S. District
    Court, Southern District of California

15  this 21st day of February 2008.

16  Copy sent via United States Mail this
    21st day of February 2008.

17  Donald A. Green, Esq.
    DOAN LAW OFFICE

18  2850 Pio Pico Drive, Suite D
    Carlsbad, California   92008

19

20  Attorney for *Plaintiff*

21

22  By____/S/ Jenna L. Campos

23  1881528.1

24

25

26

27

28