UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUADALUPE IGNACIO, | ) | Case No. 08-CV-0085-BEN (JMA) |
| | ) | |
| Plaintiff, | ) | **CASE MANAGEMENT CONFERENCE** |
| | ) | **ORDER REGULATING DISCOVERY AND** |
| v. | ) | **OTHER PRETRIAL PROCEEDINGS** |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | (Fed. R. Civ. P. 16) |
| AMERICA, etc., et al., | ) | (Local Rule 16.1) |
| | ) | (Fed. R. Civ. P. 26) |
| Defendants. | ) | |
| | ) | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on May 23, 2008 at 9:00 a.m.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1.   Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **September 18, 2008**.

2.   A telephonic Case Management Conference shall be held before Magistrate Judge Adler on **August 26, 2008** at **9:30 a.m.**

Counsel for each party shall appear telephonically at this conference. The Court will initiate the conference call.

3. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **October 24, 2008**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **November 7, 2008**. On or before **November 21, 2008**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **January 9,**

**2009**.  Any contradictory or rebuttal information shall be disclosed on or before **February 6, 2009.**  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5.  All discovery shall be completed by all parties on or before **March 6, 2009**.  "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.  **<u>All disputes concerning discovery shall be brought to the attention of Magistrate Judge Adler no later than thirty (30) days following the date upon which the event giving rise to the dispute occurred.  For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the service of the response.  Counsel are</u>**

**required to meet and confer prior to contacting the Court regarding all discovery disputes pursuant to the requirements of Local Rules 16.5(k) and 26.1(a).**

6. All motions, other than motions to amend or join parties, or motions in limine, shall be <u>filed</u> on or before **April 10, 2009**.[1] Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly.** Failure of counsel to timely request a motion date may result in the motion not being heard.

Pursuant to Local Rule 7.1(f)(1), when filing a Motion for Summary Judgment and/or Adjudication, Defendants **shall** file, and serve on Plaintiff, a separate statement setting forth plainly and concisely all material facts which they contend are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. Further, Plaintiff **shall** file, and serve on Defendants, a separate statement that responds to each of the material facts contended by Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be

---

[1]Counsel should note that while historically motion cutoff deadlines issued by this Court were deadlines for motion hearings, the motion cutoff dates now being issued establish deadlines for the parties to <u>file</u> motions.

08cv0085

followed by a reference to the supporting evidence.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

7.   A Mandatory Settlement Conference shall be conducted on **June 24, 2009** at **10:00 a.m.** in the chambers of Magistrate Judge Adler.  Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **June 17, 2009**.[2] The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the Mandatory Settlement Conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>.  The <u>individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all</u>**

---

[2]Statements may be delivered directly to chambers, e-mailed to <u>efile_adler@casd.uscourts.gov</u>, or faxed to (619) 702-9939.

**settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Governmental entities may appear through litigation counsel only. As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.** All conference discussions will be informal, off the record, privileged, and confidential.

8.  The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **July 20, 2009**.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of designated matters in evidence.**

9.  Counsel shall confer and take the action required by

08cv0085

1  Local Rule 16.1(f)(4) on or before **July 27, 2009**.

2     10.  Counsel shall serve on each other and file their
3  Memoranda of Contentions of Fact and Law and take any other
4  action required by Local Rule 16.1(f)(2) on or before **July 27,**
5  **2009**.

6     11.  The Proposed Final Pretrial Conference Order, including
7  written objections, if any, to any party's Fed. R. Civ. P.
8  26(a)(3) pretrial disclosures, shall be prepared, served, and
9  lodged with the Clerk's Office on or before **August 3, 2009** and
10 shall be in the form prescribed in Local Rule 16.1(f)(6).  Any
11 objections shall comply with the requirements of Fed. R. Civ. P.
12 26(a)(3).  **Please be advised that the failure to file written**
13 **objections to a party's pretrial disclosures may result in the**
14 **waiver of such objections, with the exception of those made**
15 **pursuant to Rules 402 (relevance) and 403 (prejudice, confusion**
16 **or waste of time) of the Federal Rules of Evidence.**

17    12.  The final Pretrial Conference is scheduled on the
18 calendar of the Honorable Roger T. Benitez on **August 10, 2009** at
19 **10:30 a.m.**  The trial date will be assigned by Judge Benitez at
20 the pretrial conference.

21    13.  The dates and times set forth herein will not be
22 modified except for good cause shown.

23    14. Plaintiff's(s') counsel shall serve a copy of this order
24 on all parties that enter this case hereafter.

25    **IT IS SO ORDERED.**

26 DATED:  May 23, 2008

27

28 Jan M. Adler
   U.S. Magistrate Judge